UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RAEVON TERRELL PARKER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:20-cv-1784-NAB |
| APPLE INC., | ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff Raevon Terrell Parker for leave to proceed *in forma pauperis* in this civil action. (ECF No. 2). Upon consideration of the motion and the financial information provided therein, the Court concludes that plaintiff is unable to pay the filing fee. The motion will therefore be granted. Additionally, for the reasons discussed below, the Court will dismiss the complaint.

**Legal Standard on Initial Review**

This Court is required to review a complaint filed *in forma pauperis* to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). This Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).

The term "'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* While federal courts should not

dismiss an action commenced *in forma pauperis* if the facts alleged are merely unlikely, the court can properly dismiss such an action if the plaintiff's allegations are found to be clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Allegations are clearly baseless if they are "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." *Id.*

## The Complaint

Plaintiff filed the complaint on December 16, 2020 against Apple Inc. He invokes this Court's federal question jurisdiction, and identifies the federal statute at issue as "28 U.S. Code § 2403 – Intervention by United States, or a State." (ECF No. 1 at 3). He also cites the Fifth Amendment to the United States Constitution, and writes: "nor shall private property be taken for public use, without just compensation." *Id.*

Plaintiff claims the events giving rise to his claims occurred on October 29, 2018 at the Apple Store in the St. Louis Galleria. Plaintiff writes:

> The date was October 29, 2018 around one p.m. I remember the date because my family and I gamble with the State lottery. That day, 10-29-18 the midday lottery number was 0018 in Missouri pick 4. That number is a variation of a number that I play frequently. The number coincides with one of my daughters birthday [*sic*] 10-08-10. Apple continues to deprive me of financial opportunities.

*Id.* at 4. Plaintiff also writes: "Apple and their employee took my property and used it to make revenue in the amount of trillions." *Id.*.

In an attachment to the complaint, plaintiff further sets forth the basis for his claim. He alleges he spoke with an Apple Store employee regarding updating his Apple device. The employee told plaintiff to log out of his Apple ID. When plaintiff did so, he received an email from Saint Louis Community College technical support asking whether he needed help. Plaintiff characterizes that as a "red flag." (ECF No. 1-1 at 3). He then writes:

> When the technician noticed that selecting a backup was a new option he immediately insisted that I exchange my device for the new update. When I left

2

> the store, the next day on the news Apple Inc. released the Group Face Time as a new feature to all iPhones. When my phone initially updated to iOS 12.0.1 the phone contents got erased, except for my google gmail ac[c]ount and password was visible on the screen. As a result of telling people that I created the update people around me who are not medical experts suggested to the authorities that I was having a manic episode, which was not true resulted in multiple hospitalization in which I was repeatedly injected by needle with medicine which had me incapacit[at]ed. The hospitalizations caused me to be labeled disabled mentally.

*Id.* As relief, plaintiff seeks $900 to compensate him for property damage, and one trillion dollars for personal injury.

After filing the complaint, plaintiff filed two motions. The first is titled "Motion of Leave for Relief of Judgment" (ECF No. 6), and the second is titled "Amended Motion of Leave for Relief of Judgment." (ECF No. 7). The motions appear to represent an attempt to offer further averments in support of the claims asserted in the complaint, but plaintiff did not attach a proposed amended complaint to either motion. In the motions, plaintiff claims he is entitled to relief because the defendant took his private property without compensating him. He further avers that because he had to update his device on the particular day in question, he missed an opportunity to play the lottery. He claims the defendant violated his constitutional rights, and caused him to suffer humiliation, loss of time, money, travel expenses and room and board. Plaintiff also filed two motions seeking the appointment of counsel.

Plaintiff is a frequent *pro se* and *in forma pauperis* litigator in this Court. The instant action is the second he has filed to date in this Court against Apple Inc. to seek more than one trillion dollars to compensate him for events that occurred on October 29, 2018 in the Apple Store in the St. Louis Galleria. *See Parker v. Apple Inc.,* No. 4:20-cv-731-SEP (E.D. Mo. Jun. 30, 2020) (hereafter "*Parker I*"). In *Parker I*, plaintiff claimed Apple Inc. wrongfully took his personal property and put it to public use. He alleged, *inter alia*, that the Apple Store employee took his device and it was somehow used to generate substantial revenue. He also alleged Apple

Inc. was responsible for his mental illness. He claimed Apple Inc. was therefore liable to him in an amount exceeding one trillion dollars. The Court dismissed the action pursuant to 28 U.S.C. § 1915(e)(2) after determining plaintiff's allegations were frivolous and failed to state a claim upon which relief may be granted. The Court also noted it had serious reservations about whether the case involved a dispute or controversy properly within its jurisdiction. Plaintiff has also filed five other civil actions against different parties that were dismissed for one of the reasons set forth in 28 U.S.C. § 1915(e)(2).[1]

## Discussion

As the *Parker I* Court noted, this Court has serious reservations about whether this case involves a dispute or controversy properly within its jurisdiction. Plaintiff invokes this Court's federal question jurisdiction, and cites 28 U.S.C. § 2403 as the federal statute at issue. However, plaintiff does not explain how that statute authorizes him to bring the instant action, nor is any such basis apparent. Section 2403 of Title 28 relates to government intervention in lawsuits. It would not authorize a private individual such as plaintiff to bring a lawsuit in federal court or intervene in one. Plaintiff also cites the Fifth Amendment to the United States Constitution. However, the Fifth Amendment relates to government interference with property rights, and the complaint contains no such allegations. U.S. Const. amend. V; *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 536 (2005). Plaintiff cites no other basis to conclude his claims arise under federal law as required to invoke jurisdiction under 28 U.S.C. § 1331, nor is any such basis apparent.

Plaintiff does aver that he and the defendant are citizens of different states, and he seeks damages of more than one trillion dollars. However, his assertion of the amount in controversy is implausible. He provides no adequate foundation for his belief that his damages are properly

---

[1] *See Parker v. Settle,* No. 4:20-cv-00214-AGF (E.D. Mo. Feb. 6, 2020); *Parker v. Settle*, No. 4:20-cv-00216-AGF (E.D. Mo. Feb. 6, 2020); *Parker v. Settle,* No. 4:20-cv-00219-SRC (E.D. Mo. Feb. 6, 2020); *Parker v. United States of America*, Doc. 4:20-cv-01200-NCC (E.D. Mo. Sept. 3, 2020); *Parker v. United States of America*, No. 4:20-cv-01251-NCC (E.D. Mo. Sept. 14, 2020).

measured at such an amount, or that they are even sufficient to meet the jurisdictional threshold set forth in 28 U.S.C. § 1332. However, it would be futile to give plaintiff the opportunity to provide a foundation for his prayer for relief because the complaint is frivolous and fails to state a claim upon which relief may be granted.

In the complaint, the factual predicates of plaintiff's claims involve the same events as in *Parker I*. While plaintiff now cites new legal theories and claims Apple Inc. deprived him of other financial opportunities, plaintiff could have raised such theories and brought such claims in *Parker I*. While the dismissal of *Parker I* "does not bar future litigation over the merits of a paid complaint making the same allegations as the dismissed complaint," a § 1915(e)(2) dismissal "has res judicata effect 'on frivolousness determinations for future *in forma pauperis* petitions.'" *Waller v. Groose*, 38 F.3d 1007, 1008 (8th Cir. 1994) (per curiam) (citing *Denton*, 504 U.S. 25 (1992)). Accordingly, this Court determines the § 1915(e)(2)(B) dismissal of *Parker I* has *res judicata* effect and establishes that the instant action is frivolous for § 1915(e) purposes.

The Court would dismiss this action at this time even if it were not duplicative of *Parker I*. The allegations in support of plaintiff's claims are entirely premised upon fantastic or delusional scenarios. Plaintiff's allegations are not merely unlikely; instead, they are "clearly baseless" under the standard articulated in *Denton,* 504 U.S. 25. The Court therefore determines that the complaint is legally frivolous and subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Even if it could be said that plaintiff's allegations were non-frivolous, this case would be subject to dismissal. Plaintiff provides no support for his allegations that Apple Inc. took his property, caused a financial loss, or can be held responsible for his mental condition. The Court would therefore conclude that the complaint fails to state any plausible claims for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (A claim is facially plausible when the

plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Accordingly, for all of the foregoing reasons, the Court will dismiss the complaint at this time. The Court will also deny plaintiff's "Motion of Leave for Relief of Judgment" and "Amended Motion of Leave for Relief of Judgment" because they are nothing upon which relief may be granted, and will deny as moot plaintiff's motions seeking the appointment of counsel.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's "Motion of Leave for Relief of Judgment" (ECF No. 6) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's "Amended Motion of Leave for Relief of Judgment" (ECF No. 7) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motions seeking the appointment of counsel (ECF Nos. 5 and 8) are **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 25th day of February, 2021.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE